IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| **RACHELLE CRAIG,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08-2334-STA |
| **EZ PAWN TENNESSEE, INC., et al.;** | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On October 29, 2009, Defendants EZPAWN Tennessee, Inc. et al filed a Motion to Compel *Pro se* Plaintiff, Rachelle Craig's, Rule 26 Initial Disclosures (D.E. # 39). The Court referred Defendants' Motion to Compel (D.E. # 40) to the Magistrate Judge on October 30, 2009. On November 13, 2009, the Magistrate Judge granted Defendant's Motion to Compel (D.E. # 46) during a telephonic conference. In the conference, Defense counsel was ordered to provide a copy of their charges of filing (D.E. # 39) for consideration of sanctions pursuant to Fed. R. Civ. P. 37. Defense counsel filed their list of expenses along with the Affidavit of Bruce Smith on January 18, 2010 (D.E. # 68). The Court then referred the matter of sanctions pursuant to Fed. R. Civ. P. 37 to the Magistrate Judge. On January 27, 2009, the Magistrate Judge recommended (D.E. # 70) that sanctions totaling $ 1,368.54 be assessed against Plaintiff pursuant to Fed. R. Civ. P. 37(a)(5)(A). The Magistrate Judge concluded that the time spent, as well as the hourly rates submitted, were fair and reasonable. The Plaintiff filed responses to the Magistrate Judge's Report and Recommendation on February 1, 2010 (D.E. # 73) and February

11, 2010 (D.E. # 74,75, 76). Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the case, the Court hereby **ADOPTS** the Magistrate Judge's Report and assesses sanctions totaling $ 1, 368.54 against the Plaintiff.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a *de novo* standard of review to objections to a report and recommendation.

## ANALYSIS

Pursuant to 28 U.S.C. §636(b)(1)(C), a party may file written objections to the Magistrate Judge's Report and Recommendation within fourteen days of being served with a copy of the Magistrate Judge's report. In the case at bar, Plaintiff has filed four "responses" to the Magistrate Judge's Report and Recommendation (D.E. # 73, 74, 75, 76). None of these "responses" constitute objections as contemplated by 28 U.S.C. §636(b)(1)(C). The Sixth Circuit Court of Appeals has stated that "[o]verly general objections do not satisfy the objection requirement."[1] "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."[2]

In " Plaintiff Responding to the Court's Report and Recommendations on Rule 37 Sanctions" at (D.E. # 73), the Plaintiff notes that she is "rebutting Defendants Motion that the Plaintiff should be Sanctioned.[3]" Plaintiff then includes various citations to case law and

---

[1] *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).

[2] *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

[3] Plaintiff filed her response at (D.E. # 73) pursuant to Federal Rule of Civil Procedure Rule 37(5)(b)(2)(c)(1). While the Court assumes that Plaintiff is referring to some portion of Fed. R. Civ. P. 37, the Court is unclear as to which subdivision specifically she seeks relief. Fed.

portions of Moore's *Federal Practice* Treatise.  At (D.E. # 74),  Plaintiff filed another response to the Magistrate Judge's Report and Recommendation.  In that response, Plaintiff filed what appear to be the first three pages of her previous filing at (D.E. # 73).[4]  At (D.E. # 75) the Plaintiff filed a "2nd Response to Court's Sanction Under F.R. Civ. P. 37 Responding to the Court's 'Report and Recommendations' on Rule 37 Sanctions."  In that response, Plaintiff contends that the Defendants' Motion to Compel did not comply with Local Rule 7.2(b) because the Defendants did not "certify" the motion prior to filing it.  The Court assumes that Plaintiff is actually referring to the "certificate of consultation" requirement of Local Rule 7.2(b).  Finally, Plaintiff filed an additional "2nd Responding to the Court's 'Report and Recommendations' on Rule 37 Sanctions" at (D.E. # 76).  In that response, Plaintiff included a "History of Initial Disclosures" in which she argues that she complied with the Magistrate Judge's Order to produce her Initial Disclosures on December 4, 2009 at (D.E. # 51).

  Despite filing four responses to the Magistrate Judge's Report and Recommendation, none of Plaintiff's responses actually contain objections to the Magistrate Judge's Report.  Plaintiff's responses contain no explanation of how the Magistrate Judge erred or any argument why his reasoning was defective or not supported by existing authority.  In fact, the only arguments Plaintiff does make is that (1) Defendants' Motion to Compel did not contain a "certification" as required by Local Rule 7.2, i.e. a certificate of consultation, and (2) she complied with the Court's previous Order concerning the production of initial disclosures on

---

R. Civ. P. 37, does not contain a subsection (5)(b)(2)(c)(1).

 [4] Based on the Court's review, the first three pages of (D.E. # 74) appear to be identical to the first three pages of Plaintiff's response at (D.E. # 73).

December 4, 2009.

While it is true, that the Defendants did not appear to include a specific "Certificate of Consultation" with their Motion to Compel, the Defendants did attach a letter indicating they had conferred with the Plaintiff concerning the deadline for such disclosures. Thus, they did consult with Plaintiff concerning the content of their Motion to Compel. However, even if the Court were to determine that Defendants' Certificate of Consultation failed to comply with Local Rule 7.2, Defendants' failure to include a Certificate of Consultation does not excuse or negate Plaintiff's failure to comply with the Federal Rules of Civil Procedure. Nor does Defendants' failure have any bearing on Rule 37 Sanctions.

As an additional matter, Plaintiff contends in her fourth response (D.E. # 76) to the Magistrate Judge's Report and Recommendation that she produced her Initial Disclosures on December 4, 2009. From the record, it does appear that Plaintiff filed a document entitled "Initial Disclosures" at (D.E. 51) on December 4, 2009. The Magistrate Judge, however, ruled on November 13, 2009 (D.E. # 47) that Plaintiff was required to produce her Initial Disclosures on or before December 1, 2009. Therefore, the Court construes Plaintiff's filing on December 4, 2009, as an attempt, albeit a late one, to comply with the Magistrate Judge's November 13th Order and not grounds for objecting to the Magistrate Judge's determination on Rule 37 sanctions.

Since Plaintiff has failed to file any specific objections to the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. As such, Plaintiff is ordered to pay Defendants $ 1,368.54 which represents the amount of fees, costs, and expenses incurred by Defendants filing

the Motion to Compel.  Plaintiff shall have forty-five days from entry of this Order to comply.

**IT IS SO ORDERED**.

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date:   February 24th, 2010.