IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| **RACHELLE CRAIG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08-2334-STA |
| **EZPAWN TENNESSEE, INC. et al.;** | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**
_____

Before the Court is *pro se* Plaintiff Rachelle Craig's "Complaint - In Federal District Court - For Temporary Restraining Order, and Preliminary and Permanent Injunction" (D.E. # 119) filed on May 17, 2010. Defendant EZPAWN Tennessee, Inc. responded in opposition to Plaintiff's Motion on June 4, 2010 (D.E. # 128). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

*Pro se* Plaintiff Craig filed the underlying action alleging violations of Title VII of the Civil Rights Act of 1964 (D.E. 1) on May 29, 2008. On March 30, 2009, Defendant EZPAWN Tennessee, Inc. filed a motion for a more definite statement of certain counts of Plaintiff's Complaint (D.E. 9). Magistrate Judge Edward G. Bryant granted Defendant's motion on January 15, 2010 (D.E. 67) and directed Plaintiff to file an amended complaint within twenty (20) days of entry of the Court's order. To date, Plaintiff has not filed an amended complaint. As such, the

1

Defendant has not filed an Answer to Plaintiff's amended complaint.

On April 23, 2010, Defendant EZPAWN Tennessee, Inc. filed a counterclaim for conversion against Plaintiff, Kristian Sanders, and Michael Hewlitt. Defendant alleges that Plaintiff, Hewlitt, and Sanders were engaged in a pawn scheme beginning on or around April 30, 2007. In the instant Motion before the Court, the Plaintiff seeks to enjoin the Defendant from pursuing its counterclaim. Plaintiff asserts that Defendant's counterclaim for conversion: (1) cannot be substantiated, (2) is time barred, and (3) is not in compliance with the Federal Rules of Civil Procedure.

In response, the Defendant contends that its counterclaim is timely because the applicable statute of limitations for a claim of conversion is three (3) years, rather than one (1) year as the Plaintiff argues. Defendant further asserts that Plaintiff's Motion should be denied because it unequivocally fails to comply with the Federal Rules of Civil Procedure. More specifically, the Defendant notes that the Plaintiff has failed to give security as required by Rule 65(c) or submitted an affidavit or verified complaint as required by Rule 65(b). Defendant also points out that the Plaintiff has failed to brief any case law supporting her motion for a temporary restraining order. As such, the Defendant contends that a temporary restraining order, preliminary injunction, or permanent injunction is inappropriate in the case at bar.

## ANALYSIS

As an initial matter, the Court notes that Plaintiff's Motion seeks a temporary restraining order. Rule 65(b) governs the issuance of temporary restraining orders and reads:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or verified complaint clearly show that

>> immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, the adverse party, i.e. the Defendant, has notice of Plaintiff's Motion. This notice is evidenced by Defendant's response to the instant Motion. Since the issuance of a temporary restraining order is premised on the idea that the adverse party lacks notice of the relief the moving party requests, Plaintiff's Motion for a temporary restraining order is **DENIED**.

Plaintiff also seeks a preliminary injunction to "order Defendants, its officers, agents, employees, successors, attorney, and all those in active concert or participation with it to refrain immediately and pending the final hearing and determination of this action from the Honorable Court." First, Plaintiff's motion for a preliminary injunction enjoining Defendant from prosecuting its counterclaim is moot at present. On June 3, 2010, the Court entered an Order staying the Counter-Defendants' responses to the counterclaim due to the two pending motions to dismiss before this Court. Therefore, Defendant's counterclaim is effectively stayed currently.

Even disregarding the Court's June 3rd Order, a preliminary injunction is inappropriate under the circumstances of the case at bar. In determining whether to issue a preliminary injunction, a district court must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others;

and (4) whether the public interest would be served by issuance of a preliminary injunction.[1] The burden is on the moving party to demonstrate that such injunctive relief is warranted.[2]

Here, as the Defendant points out in its response, the Plaintiff does not brief any case law in support of her motion. At most, Plaintiff makes general references to Rule 65 and various other Federal Rules of Civil Procedure. Additionally, the Plaintiff does not allege that she will suffer irreparable harm if Defendant continues to prosecute its counterclaim. In fact, the only harm Plaintiff seems to allege is that the counterclaim will "confuse the Order of the Plaintiff's original case." The Court finds that "confusion" is not the type of irreparable harm contemplated by Rule 65. Therefore, Plaintiff has not met her burden, and thus her Motion for a preliminary injunction is **DENIED**.

Finally, the Plaintiff also seeks a permanent injunction enjoining Defendant from proceeding with its counterclaim. The Supreme Court has stated that " [t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success."[3] Having found that the Plaintiff has not carried her burden for issuance of a preliminary injunction, the Court finds that the Plaintiff has also failed to carry her burden for a permanent injunction. As such, Plaintiff's Motion for a permanent injunction is **DENIED**.

**IT IS SO ORDERED**.

---

[1] *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

[2] *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1068 (6th Cir. 1998)(in order to obtain either a preliminary or permanent injunction, plaintiffs must demonstrate that failure to issue the injunction is likely to result in irreparable harm).

[3] *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987).

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE

Date: June 16th, 2010.