# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RACHELLE CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:08-cv-02334-STA-egb |
| | ) |
| EZPAWN TENNESSEE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Renewed Motion to Dismiss, Or in the Alternative, to Amend Scheduling Order Deadlines and to Preclude Plaintiff from Introducing Expert Proof [D.E. 133]. Plaintiff has failed to respond. This matter has been referred to the Magistrate Judge for a Report and Recommendation. After reviewing the pleadings and the entire record in this matter, the Magistrate Judge recommends that Defendants' Renewed Motion to Dismiss be granted.

Defendants move, pursuant to Rule 12(b)(6), Rule 37(b)(2)(A)(v), and Rule 41(b) of the Federal Rules of Civil Procedure, for the Court to enter an Order dismissing Plaintiff's Complaint. Plaintiff has repeatedly failed to cooperate in discovery, and has failed to follow orders of the Court, including failing to file her Amended Complaint, which, as Defendants correctly assert, is prolonging this litigation and rendering it impracticable for them to comply with the deadlines set forth in the current revised Scheduling Order. Defendants' Motion primarily argues that dismissal is appropriate under Rule 37(b)(2)(A)(v) for various discovery violations, and the Magistrate Judge agrees.

FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge finds as accurate, and adopts in large part, the factual and procedural background set forth by Defendants, as follows. This case was brought by the Plaintiff, pro se, seeking redress under various theories for her termination of employment from EZPAWN Tennessee, Inc. at its pawn shop located on Poplar Avenue in Memphis. By Order of Court entered January 15, 2009 [D.E. 3], a number of claims against the Defendants were dismissed. Counts I, III, IV, V, and VII (Title VII claims) were dismissed as to all individual defendants. [D.E. 3] Count VIII (slander and libel) was dismissed in its entirety [D.E. 3]. Counts IX and XII (42 U.S.C. § 1986) were dismissed in their entirety [D.E. 3]. Defendant Jiffy Lube was also dismissed [D.E. 3].

On March 30, 2009, Defendant EZPAWN Tennessee, Inc. filed a Motion to Dismiss Certain Counts of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted [D.E. 8]. Specifically, Defendants sought to dismiss Counts II and XVI (42 U.S.C. § 1983), Count X (Fair Labor Standards Act), and Count XI (31 U.S.C. § 5328 or "Federal Whistleblower Act") [D.E. 8] . Also on March 30, 2009, Defendant EZPAWN Tennessee, Inc. filed a Motion for More Definite Statement as to Counts I, III, IV, V, VI, and VII of Plaintiff's Complaint, alleging therein that her allegations pertaining to these counts were so vague, ambiguous, and lacking in detail that Defendant could not prepare a responsive pleading [D.E. 9]. On May 18, 2009, Plaintiff filed a response to Defendant's Motion for More Definite Statement [D.E. 12]. By Order entered October 19, 2009, the Court granted the Defendant's Motion to Dismiss for Failure to State a Claim [D.E. 8] and dismissed Counts II and XVI (42 U.S.C. § 1983), Count X (Fair Labor Standards Act), and Count XI (31 U.S.C. § 5328 or "Federal Whistleblower Act") of the Complaint [D.E. 38].

Plaintiff's conduct has already been sanctioned by the Court. After Plaintiff refused to produce her Rule 26 Initial Disclosures to Defendants on the erroneous basis that doing so prior to the Court's ruling on Defendants' Motion for More Definite Statement would be premature, Defendants filed a Motion to Compel Plaintiff's Rule 26 Initial Disclosures on October 29, 2009 [D.E. 39]. The Court entered an Order granting Defendants' Motion to Compel Plaintiff's Rule 26 Initial Disclosures on November 13, 2009 [D.E. 47]. The Court subsequently assessed sanctions in the amount of $1,368.54 against Plaintiff, representing Defendants' fees, costs, and expenses incurred in filing such Motion to Compel [D.E. 83].

On January 15, 2010, the Court granted Defendant's Motion for More Definite Statement [D.E. 67]. The Court ordered Plaintiff to file an Amended Complaint, which complies with the Federal Rules' pleadings standard, as to the remaining counts within twenty (20) days of the Court's Order or by February 4, 2010 [D.E. 67]. To date, Plaintiff has not filed an Amended Complaint.

Because Plaintiff failed to file an Amended Complaint in order to correct pleading deficiencies in the original Complaint despite the Court's express Order that she file an Amended Complaint by February 4, 2010 [D.E. 67], Defendants filed a Motion to Dismiss based upon Rule 12(b)(6) and Rule 41(b) of the Federal Rules of Civil Procedure on March 16, 2010 [D.E. 95]. This Motion to Dismiss is pending with the Court.

Plaintiff thereafter failed to submit to Defendants a written report for each such expert she had identified by March 12, 2010, the deadline set forth in the Rule 16(b) Scheduling Order [D.E. 33]. In various pleadings served and/or filed before the March 12, 2010 deadline for Plaintiff to disclose experts and submit accompanying expert reports, Plaintiff identified various

medical professionals as her "expert witnesses," including Dr. Patty Jordan, Dr. John Pharis, Sally Watson, Tanya Cobb McKinney, and Linda Mosby. (*See, e.g.* D.E. 51-2, D.E. 51-3) However, Defendants have been unable to determine which of Plaintiff's "expert witnesses" will testify on her behalf at trial. (*See* Affidavit of Bruce M. Smith ("Smith Affidavit"), attached as Exhibit A of Defendants' Motion ). Without Plaintiff's expert reports in their possession and with their own expert disclosure deadline approaching, Defendants then filed a Motion for Extension of Deadline to Disclose Experts and For Extension of All Other Rule 16(b) Scheduling Order Deadlines on April 8, 2010 [D.E. 99]. Defendants noted in their Motion that, not only did Defendants lack knowledge of the opinions that Plaintiff's expert(s) would express, but they did not even have copies of Plaintiff's medical records because she had refused to execute a medical release for Defendants to obtain copies of such records. Defendants argued that these circumstances constituted good cause for extending their expert disclosure deadline as well as the other deadlines in the Rule 16(b) Scheduling Order [D.E. 99].

On May 26, 2010, Defendants filed another Motion to Dismiss [D.E. 122] after Plaintiff failed to appear for her timely and properly noticed deposition on the eve of the discovery completion deadline. Defendants argued that dismissal based upon Plaintiff's refusal to appear for her deposition was an appropriate sanction, and that the justification for dismissal was even more clear-cut given Plaintiff's well-documented failures to cooperate in discovery and her history of defying court orders. Alternatively, Defendants sought an Order compelling Plaintiff to appear for a future deposition and an award of attorney's fees and expenses caused by Plaintiff's willful failure to appear for a deposition, along with other relief [D.E. 122]. This Motion to Dismiss is pending before the Court.

On June 22, 2010, the Magistrate Judge entered an Order [D.E. 131] on three of Defendants' then-pending motions which had been referred for determination – Defendants' Motion to Compel Production of Audiotapes Identified by Plaintiff in Rule 26 Initial Disclosures [D.E. 78], Defendants' Motion to Strike [D.E. 79], and Defendants' Motion for Extension of Deadline to Disclose Experts and for Extension of All Other Rule 16(b) Scheduling Order Deadlines [D.E. 99]. The Magistrate Judge's Order also disposed of various pleadings filed by Plaintiff [D.E. 82, 84, 85, 86, and 102]. Further, the Order required that Plaintiff produce tape recordings, which she identified in her Rule 26 Initial Disclosures, to Defendants within ten (10) days of entry of that Order (July 2, 2010) [D.E. 131]. The Magistrate Judge also ordered Plaintiff to disclose all of her experts, deliver written reports for each expert signed by the expert, and produce her relevant medical records to Defendants no later than July 5, 2010 [D.E. 131]. The Magistrate Judge extended Defendants' deadline to disclose their expert witnesses until July 28, 2010 and further amended the remaining Scheduling Order deadlines [D.E. 131]. Most significantly, the Magistrate Judge's Order cautioned Plaintiff that "continued violation of the Court's orders could result in sanctions including the dismissal of her lawsuit pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v)" [D.E. 131].

Plaintiff did not timely file Objections or an appeal of the June 22, 2010 Order [D.E. 131], which is now final. To the extent that "Plaintiffs' [sic] Respond To Magistrate Judge Bryant "Order" On Document 131" [D.E. 132] purports to be an objection to the June 22, 2010 Order pursuant to 28 U.S.C. § 636(b)(1)(C), it is untimely and of no effect.

In summary, contrary to the Court's Order [D.E. 131], Plaintiff failed to produce the following to Defendants as of the date of the filing of Defendants' Motion: (a) the tape recordings identified in her Rule 26 Initial Disclosures; (b) written reports for each of her experts

signed by the expert; and (c) copies of her relevant medical records. (Smith Affidavit ¶¶ 5,6) (Exhibit A of Defendant's Motion) As a result of Plaintiff's willful disobedience of the Court's June 22, 2010 Order [D.E. 131] and her outright refusal to comply with other court orders and the Federal Rules of Civil Procedure, Defendants are not only lacking discoverable material that is essential to the claims Plaintiff alleges in this cause, but Defendants are further hamstrung in that they cannot retain expert(s) without having the necessary medical records and other documentation for potential expert(s) to review.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) enumerates several remedies available to the court when a party fails to obey an order to provide or permit discovery, including the extreme remedy of dismissing the case. The Sixth Circuit has held that dismissal of an action or proceeding is "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 153-54 (6th Cir.1988); *Vance, by and through Hammonds v. U.S.,* 182 F.3d 920 (6th Cir. 1999); *Pavlik v. Brand Scaffold Builders, LLC*, Nos. 06-13928, 06-14540, 2008 WL 597160 (E.D. Mich. March 4, 2008). In reviewing a dismissal for discovery abuses the Sixth Circuit has identified four factors to consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve

cases on the merits is dismissal appropriate. *Reese Corp. v. Rieger* 201 B.R. 902, 907 (E.D.Mich. 1996).

      The Magistrate Judge recommends that the Court dismiss this case, based on Plaintiff's willful failure to cooperate in discovery and failure to obey this Court's Orders. The Magistrate Judge has considered all four factors and finds that they have been met in this case. Plaintiff's above-described conduct is certainly willful, including her failure to appear at her deposition. A clear record of delay and contumacious conduct is present here. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Defendant has most certainly been prejudiced by Plaintiff's refusal to cooperate, given the time and expense incurred by Defendant in seeking routine discovery and inability to prepare for trial. As set forth above, in June 2010 the Magistrate Judge warned Plaintiff that "continued violation of the Court's orders could result in sanctions including the dismissal of her lawsuit pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) [D.E. 131]. Yet, since that time, Plaintiff has continued in this willful conduct. Less drastic sanctions, monetary sanctions, have been imposed on Plaintiff, and she has been warned by the Court, to no effect. Plaintiff's refusal to cooperate and blatant disregard of court orders make this drastic sanction of dismissal appropriate. Accordingly, the Magistrate Judge recommends that Defendant's Motion be granted and the Court dismiss this action with prejudice.

      The Magistrate also finds, in the alternative, that dismissal under Rule 12(b)(6) is appropriate. In evaluating a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). While the complaint "does not need detailed factual allegations," the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be

7

enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974; s*ee also Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (ruling that a complaint need not detail all the particularities of plaintiff's claim, but must give defendant fair notice of the claim and the grounds upon which it rests). While some consideration should be given to Plaintiff's pro se status, as the Court observed in *Pearison v. Pinkerton's, Inc.*, 2002 WL 32060142 (E.D. Tenn. Sept. 16, 2002) (Memorandum Opinion), "[e]ven the most inexperienced, novice pro se litigants are required to meet the minimum pleading standards required by the Federal Rules of Civil Procedure." *Pearison*, 2002 WL 32060142 at *1. *See also* McNeil v. United States*,* 508 U.S. 106, 113 (1993).

Here, this Court has already recognized that the allegations forming the basis of Plaintiff's remaining counts of her Complaint do not satisfy the pleading requirements of Fed. R. Civ. P. 8. [*See* D.E. 67]. As this Court stated in its Order Granting Defendants' Motion for More Definite Statement, "Rule 8(a) contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented. . ." [D.E. 67] (*quoting* 5 Wright & Miller § 1202 at 94, 95). On January 15, 2010, the Court ordered Plaintiff to file an Amended Complaint by February 4, 2010 to cure these deficiencies in her Complaint [D.E. 67], which she has failed to do. Accordingly, the Magistrate Judge recommends that dismissal under Rule 12(b)(6) is proper.

Finally, Defendants move for dismissal of Plaintiff's case under Rule 41 of the Federal Rules of Civil Procedure. Defendants assert that dismissal under Rule 41 requires the evaluation of four (4) factors, which are identical to the four (4) factors for dismissal pursuant to Rule 37 of the Federal Rules of Civil Procedure: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schools*, 138 F.3d 612, 615 (6th Cir. 1998). The authority to dismiss a case under Fed. R. Civ. P. 41 "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999). District courts are permitted substantial discretion in determining whether dismissal is appropriate. *Id.; Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir.1997).

Here, Plaintiff's total disregard for the Court's Orders of January 15, 2010 [D.E. 67] and June 22, 2010 [D.E. 131] make dismissal appropriate. Plaintiff has been explicitly warned that continuing to disobey court orders could result in dismissal of her lawsuit [D.E. 131]; she has continued to ignore Orders of this Court and has offered no justification or explanation for her failure to obey either Order.

Respectfully submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  **<u>September 23, 2010</u>**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**